IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

LINDA S. BENNETT,                                                                     (Chapter 7)

       Debtor.                                                                     Case No. 06-11712

LINDA S. BENNETT,

       Plaintiff,

v.                                                                                                       Adv. No. 07-31

THOR SVEINSVOLL,

       Defendant.

MEMORANDUM DECISION

Linda Bennett voluntarily converted her chapter 7 case (filed last July) to chapter 13 on October 26, 2006. A plan was confirmed on January 8, 2007. On January 30, 2007, Bennett filed an adversary proceeding against her ex-husband, Thor Sveinsvoll. Bennett's complaint seeks to enforce a marital settlement agreement ("MSA") between her and Sveinsvoll that they signed on November 14, 2003 and filed with the Waukesha County Circuit Court on December 8, 2003.

Bennett's complaint stated several causes of action, some of which Bennett's attorney retracted at a preliminary hearing on Sveinsvoll's motion to dismiss on May 17,

1

2007. At the end of that hearing, I took under advisement whether to abstain from hearing the remaining counts (numbered four through seven), and whether to grant relief from the automatic stay so the state court could continue hearing the action.

Count 4 is for breach of the state law duty of good faith in matters involving marital property. The remedies for this cause of action include: ordering an accounting of the spouses' property and obligations; ordering the name of the non-breaching spouse added to title to marital property; limiting the breaching spouse's rights of management and control of marital property; reclassifying the marital property as non-marital property; dividing the spouses' respective obligations; and compensating the non-breaching spouse for marital property used to satisfy the breaching spouse's individual obligations. Count 6 appears to reiterate Count 4.

Count 5 is for Sveinsvoll's alleged willful violation of the automatic stay. On December 8, 2006, Sveinsvoll moved for an order to show cause and a judgment of contempt in state court. In the motion to the state court, he alleged that Bennett had violated the state court's order to deed marital property to Sveinsvoll. This state court proceeding is ongoing. Bennett argues that filing the motion violated the stay.

Count 7 seeks to enjoin Sveinsvoll from future attempts to get Bennett to release her interests in any property, on equitable estoppel grounds. Bennett alleges that Sveinsvoll hid assets from her and made false statements on which she relied, resulting in losses to her and therefore the estate.

A.   ABSTENTION

28 U.S.C. § 1334 provides that "the district courts shall have original and exclusive jurisdiction of all cases under title 11 . . . but not exclusive jurisdiction of all

civil proceedings arising under title 11, or arising in or related to cases under title 11." However,

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). There are thus five elements of mandatory abstention: (1) timely motion of a party, (2) relating to a cause of action arising under state law, (3) which is a non-core proceeding in bankruptcy court, (4) where the only basis for federal jurisdiction is § 1334, and (5) that has also been commenced in a state forum of appropriate jurisdiction.

Except for the automatic stay – which I would need to annul or lift anyway if I were to abstain – all of the causes of action are state law causes of action, or requests to interpret state court orders. Other than the automatic stay questions, none of Bennett's allegations arise under title 11 or in a case under title 11, as they do not fall into any of the itemized categories of proceedings in 28 U.S.C. § 157(b)(1). The only basis for federal jurisdiction is 28 U.S.C. § 1334, because there is no non-bankruptcy federal law at issue, and Bennett's prayer for relief does not request the $75,000 needed to invoke a district court's "diversity jurisdiction" under 28 U.S.C. § 1332. Cf. In re Republic Oil Corp., 51 B.R. 355, 356 (Bankr. W.D. Wis. 1985) (rejecting mandatory abstention argument because action could have been brought in federal district court under diversity jurisdiction). Sveinsvoll's state court motion for contempt demonstrates that there is an ongoing state court proceeding in a court which has jurisdiction.

If title 28 does not require me to abstain, principles of comity nonetheless compel me to do so under 28 U.S.C. § 1334(c)(1), or permissive abstention. "[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." § 1334(c)(1).

> Section 1334(c)(1) is somewhat oblique in delineating the criteria that would support a discretionary decision to abstain. The statute speaks only in the most general terms of the "interest of justice," the "interest of comity," and "respect for State law." However, discretionary abstention under section 1334(c)(1) is informed by principles developed under the judicial abstention doctrines, and courts have usually looked to these well-developed notions of judicial abstention when applying section 1334(c)(1).

In re Chicago, Milwaukee & St. Paul & Pac. R.R., 6 F.3d 1184, 1189 (7th Cir. 1993) (hereinafter "Milwaukee Road") (marks and cites omitted).

The U.S. Court of Appeals for the Seventh Circuit has endorsed a set of factors that the U.S. Court of Appeals for the Ninth Circuit developed "[t]o provide more concrete guidance to courts considering section 1334(c)(1) abstention." Id. Those factors are:

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention,
(2) the extent to which state law issues predominate over bankruptcy issues,
(3) the difficulty or unsettled nature of the applicable law,
(4) the presence of a related proceeding commenced in state court or other nonbankruptcy court,
(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,
(7) the substance rather than form of an asserted "core" proceeding,
(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,
(9) the burden of the bankruptcy court's docket,

4

      (10)  the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties,
      (11)  the existence of a right to a jury trial, and
      (12)  the presence in the proceeding of nondebtor parties.

Id. Although no factor is determinative, "because section 1334(c)(1) is concerned with comity and respect for state law, whether a case involves unsettled issues of state law is always significant." Id.

    Wisconsin has a great interest in having its own courts administer divorce cases, not to mention interpret their own orders. In fact, federal courts are often prohibited outright from hearing domestic relations cases. See In re Burrus, 136 U.S. 586, 593 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States"). The state law issues are not particularly unsettled as far as I can tell, but interpretation of the state court's orders is clearly best left to the state court. See Graefenhain v. Pabst Brewing Co., 870 F.2d 1198, 1203 (7th Cir. 1989) ("few persons are in a better position to understand the meaning of a court order than the district judge who oversaw and approved it"). That is especially true where the defendant to an allegation of fraud on the state court takes refuge in the automatic stay in bankruptcy, when a prima facie case for relief from the stay likely exists.

    There is one core proceeding in Bennett's complaint: a request for damages stemming from Sveinsvoll's alleged willful violation of the automatic stay, which I am treating as a motion for relief from the stay. All of the other counts depend entirely on state law, and some involve interpretation of state court orders. I would need to grant such relief for abstention to make sense, given that the state court proceeding cannot

5

continue if the stay is in place. This clear severability between the core bankruptcy issues and the state law issues makes abstention feasible and efficient.

The Court of Appeals in this Circuit has stated that "[a]bstention is but a narrow exception to the exercise of federal jurisdiction." Milwaukee Road, 6 F.3d at 1194. In that case, however, the bankruptcy court abstained from interpreting its own order that a chapter 11 plan had been consummated, in favor of a state court proceeding which the bankruptcy court's interpretation might well have barred. Id. The facts in this case are nearly opposite. Here, it is the *state* court order the bankruptcy court is asked to interpret, not its own. And, a decision from the state court likely would leave nothing for this Court to decide, while a decision from this Court could well leave Sveinsvoll's motion for contempt for the circuit court to decide.

Moreover, Bennett is not just seeking enforcement and interpretation of the MSA. She is seeking turnover not only of the property that Sveinsvoll controlled under the MSA, but of "all assets described in the [MSA]." That apparently includes property that the MSA awarded to Sveinsvoll: household items and bank accounts already in his possession; cars not specifically awarded to Bennett; his interest in three companies; commercial real estate in Chicago; and real estate in Florida. In one sense, then, she is seeking to undo the MSA and redistribute the property. More importantly, much of the property at issue is remote from – if not outright irrelevant to – the main bankruptcy case.

Comity is the essence of § 1334(c)(1) abstention. Where the procedural context is interpreting state court orders and the substantive law is an area of heightened state concern, the wiser course appears to be to abstain from continuing the litigation in federal court. That is so even though some of the Milwaukee Road factors – e.g., forum

shopping, right to jury trial, similarity of parties, court workloads – are less conclusive than those I have discussed.

      B.     TERMINATING OR ANNULLING THE AUTOMATIC STAY

"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause. . . ." 11 U.S.C. § 362(d)(1) (2007). "Cause" exists if the bankruptcy filing automatically stays a non-bankruptcy court proceeding against the debtor that does not prejudice the bankruptcy estate. There are three factors for determining whether cause exists.

> (a) No *"great prejudice"* to either the bankruptcy estate or the debtor must result from the continuance of the civil action, and
>
> (b) the hardship to the plaintiff caused by the continuance of the stay considerably outweighs the hardship caused to the debtor by modification of the stay.

In re McGraw, 18 B.R. 140, 142 (Bankr. W.D. Wis. 1982). The U.S. Court of Appeals for the Seventh Circuit has endorsed these factors and added a third: "c) the creditor has a probability of prevailing on the merits." In re Fernstrom Storage & Van Co., 938 F.2d 731, 735 (7th Cir. 1991).

The parties' representations at oral argument suggest that the bankruptcy estate and the debtor would suffer no great prejudice if the state court proceeding were allowed to continue. Bennett's interest in the real property related to the contempt motion is limited—possibly so limited that she holds "only legal title and not an equitable interest" in it. § 541(d). The parties' principal argument in state court regards whether the MSA requires Bennett to deed the property to Sveinsvoll so he can sell it. She has thus far refused to do so for fear Sveinsvoll will not provide the mortgage that he is required to

give her in return for the deed. Sale of the property is a prerequisite to Bennett's receiving $331,000 from Sveinsvoll pursuant to the MSA (money which the parties seem to agree would pay all Bennett's creditors in full). The parties agree that Bennett's refusal to deed the property to Sveinsvoll prevents him from selling it. Bennett holds the deed, but Sveinsvoll holds most, if not all, of the equitable interest in the property. The estate would suffer no prejudice if the state court found Bennett's retention of the title wrongful, because it would ultimately receive enough money to satisfy all creditors.

The hardship to Sveinsvoll – and Bennett – from continuing the stay is manifest, assuming that state court is the appropriate place for him to seek interpretation of the MSA. Somehow, the marital property must be sold. Delaying interpretation of the MSA delays both former spouses' recoveries. If Bennett must deed the property to Sveinsvoll under the MSA, they need to know quickly to facilitate the sale. If not, Sveinsvoll needs to know so he can seek an offer and bring Bennett to the closing. Either way, further delay of the lawsuit harms both parties and the bankruptcy estate.

An order will be entered partly annulling the automatic stay as of December 8, 2006. Sveinsvoll's efforts in state court to compel Bennett's cooperation with the MSA were neither void nor voidable, and may continue. I will abstain from hearing this adversary proceeding in favor of the Waukesha County Circuit Court.

Dated: July 3, 2007

ROBERT D. MARTIN
UNITED STATES BANKRUPCY JUDGE